ROBERT LEE MCDANIEL V. THE STATE.

No. 22299. Delivered December 2, 1942.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of false imprisonment, and by the jury assessed a fine of $150.00, from which he appeals.

There are neither bills of exceptions nor statement of facts in the record. The sole question presented to us is the sufficiency of the complaint and information.

Art. 1169 of the Penal Code reads as follows:

"False imprisonment is the wilful detention of another against his consent and where it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, by threats *or by any other means* which restrains the party so detained from removing from one place to another as he may see proper."

The complaint and information allege that:

"* * * one Robert Lee McDaniel did then and there willfully and without authority of law, and against the consent of Martha Heil, detain the said Martha Heil by means of refusing to stop the motor vehicle which the said Robert Lee McDaniel was driving and in which the said Martha Heil was riding and by driving said motor vehicle at such a rate of speed that it would endanger the life of the said Martha Heil to alight from said vehicle, thereby restraining the said Martha Heil from removing from one place to another as she might see proper."

It is contended that such a charge evidences no violation of the law, and that therefore the information and complaint should be quashed. We do not agree with this contention.

In the case of Matterson v. State, 142 Tex. Cr. R. 250, 152 S. W. (2d) 352, the accused was riding in a truck with the deceased, and when the same was stopped she attempted to get out and the deceased grasped her by the arm and refused to allow her to alight until she promised not to tell what happened "the other night." Upon the accused's refusal to make such promise the deceased still held accused's arm, whereupon she shot him, so she testified, to relieve herself from such detention. We held therein that:

"We are of the opinion that appellant's testimony was sufficient to raise the issue of an illegal restraint on the part of

the deceased which entitled her to an appropriate instruction from the court upon the law of her legal right to resort to such means as appeared to her at the time to be reasonably necessary to extricate herself from such restraint, if any, taking into consideration the age, size and relative strength of the parties."

We are of the opinion that the complaint and information contain sufficient allegations to evidence an unlawful detention of Martha Heil, and that they therefore allege a false imprisonment as defined by Art. 1169, P. C.

Thus believing, and this being the only question here presented, the judgment is affirmed.